GILBERT A. SMITH *v.* DAVID CHANDLER & Trustees.

A testator, by his will, bequeathed one fifth of the residue of his property to his son G., one fifth to the three children of his daughter A., one fifth to his daughter W., and one fifth to his daughter C.: His son G. and the husbands of his daughters W. and C. afterwards became indebted to him; and by a codicil, he directed all debts due him from the hus-bands of his daughters W. and C. to be deducted from the bequests to his said daughters; and by another codicil, bequeathed the fifth part bequeathed in his will to his son G. (who had deceased) to G.'s wife and children, and directed that the debts due from G. to him should be deducted and considered in part payment of this bequest. *Held,* that notes held by the testator at the time of his death against the children of his daughter A. were to be deducted from the bequests to them respectively, although there was no provision in the will or codicils to that effect.

APPEAL from the order of the court of common pleas dis-charging the alleged trustees. The case was submitted to the decision of the court upon the following statement of facts :

Almon Brainard and Charles Hitchcock, the alleged trustees, are executors of the last will of Dr. Joseph Goodhue, late of Deerfield, who by his will, dated June 12th 1840, after providing for the payment of his debts and funeral expenses, and making certain specific legacies, amounting to about $1,100, ordered all the residue of his real and personal property to be divided into five equal parts, which he devised and bequeathed as follows One fifth to his son Mark W. Goodhue ; one fifth to the three

Smith *v.* Chandler & trustees.

children of his daughter Clarissa Aiken ; one fifth to his daughter Harriet T. Williams, wife of Dr. Stephen W. Williams ; one fifth to his daughter Sarah B. Clay, wife of Col. George Clay; and one fifth to the Orthodox Congregational Church in Deer-field.

A codicil, without date, but immediately following a codicil dated September 30th 1848, contains the following: " I order and direct that any sums of money charged on my books or that may be due me by said Stephen W. Williams and George Clay, or either of them, shall be deducted from the legacies and bequests given in my will aforesaid to the said Harriet T. Williams and Sarah B. Clay." Immediately after this codicil is another codicil, dated April 13th 1849, by which the testator gave the fifth part, before devised to his son Mark W. Goodhue, (who had since deceased,) to Mark's wife and children, and also made the following provision : "All demands and sums of money due me by my son Mark W. shall be deducted and considered as part payment of the bequests aforesaid." The testator, at the time of his decease, held a note of George Clay for $739, dated June 9th 1847 ; four notes of Stephen W. Williams, one for $753, dated April 1st 1843, one for $112.55, dated April 1st 1846, one for $48.04, dated April 1st 1847, and the other for $50, dated April 1st 1848; and three notes of Mark W. Goodhue, one for $812, dated April 15th 1841, one for $40, dated April 19th 1846, and the other for $60, dated July 11th 1846.

The three children of Clarissa Aiken are David Chandler, the principal defendant, Joseph G. Chandler and Mary A. C. Ware. The testator, at the time of his decease, held a joint and several note of David Chandler and Joseph G. Chandler for $800, dated May 14th 1844, on which were indorsed various payments of principal and interest between May 26th 1845 and May 18th 1849, but not sufficient to pay the interest during that period; also a joint and several note of David Chandler, Joseph G. Chandler and Mary A. C. Ware, for $173, dated March 1st 1846, and a joint and several note of David Chandler and George L. Smith for $200, dated May 6th 1848, on which nothing had been paid; and all three payable on demand, with interest

The testator had no claims against the Orthodox Congregational Church in Deerfield. And there is no provision in the will, or either of the codicils, for deducting the claims he held against the children of Clarissa Aiken from the legacy given them in the will; and no writing ever passed between the testator and these three children, or either of them, to show whether said notes were or were not to be deducted from their legacy.

The will and codicils were proved on the 18th of December 1849. The executors, after paying debts and specific legacies, had in their hands at the time of the service of this process upon them, (August 31st 1850,) personal estate to the amount of about $8,500.

*W. Griswold & S. O. Lamb,* for the plaintiff.

*G. T. Davis,* for the trustees.

MERRICK, J. The plaintiff attached, in the hands of the executors of David Goodhue, deceased, a legacy due under his will to the defendant, David Chandler, one of the children of Clarissa Aiken. The executors, admitting the legacy to Chandler, yet claim a right to withhold and retain all that is due to him on that account, in order to set off the same against, and to apply it in payment and discharge of, certain debts due from him to the estate of their testator. This right of the executors to make this appropriation is not contested by the plaintiff, if the legal effect of the will and codicils is not to cancel or extinguish this indebtedness of Chandler, and to relieve him from all liability to make payment on account of it. And it is conceded by the plaintiff to be a general rule of law, that when a creditor bequeathes a legacy to his debtor, and either does not notice the debt, or mentions it in such a manner as to leave his intention doubtful, and upon his death the securities for it are found uncancelled among his papers, the legacy is not considered a release or extinguishment of the debt. But if, from express declarations contained in the will, or as the result of a just and reasonable construction of its various provisions, it is apparent that the testator intended that such a legacy to his debtor should operate as a discharge and extinguishment of a subsisting debt, his intention will prevail, and it will have that effect. 1 Roper

Smith *v.* Chandler & trustees.

on Leg. (1st Amer. ed.) 608. 2 Roper on Leg. 37 – 62. And the plaintiff contends that from the special directions of the testator in his will and the codicils thereto, that all sums of money that might at his decease be due to him from other persons, particularly named, who would be benefited by some of the legacies bequeathed, should be deducted therefrom, and from the absence of any such directions in relation to the legacies to the children of Clarissa Aiken, who were also indebted to him, it manifestly appears to have been his intention, that the indebtedness of the latter should not be a charge upon, or the cause or occasion of any deduction from, the legacy to them.

But the several provisions in the will and codicils, which have been referred to, do not seem to us to warrant any such conclusion. On the contrary, we think it distinctly appears to have been the intention of the testator that payment of debts, due to him from all those who were to derive benefits from the legacies bequeathed by him, should be strictly required. There is nothing to show that any of the legatees were indebted to the testator when he made and published his will. The first codicil was added to meet a state of things which had subsequently arisen, and which changed to some extent the relation between himself and those who were to be the objects of his testamentary bounty or regard. And it is quite significant of his purpose in relation to them all. Between the times of the making of his will and codicil, each of the husbands of his two daughters, Mrs. Williams and Mrs. Clay, had become his debtor. What they owed him would, by no rule of law, have been a necessary charge upon, or liable to be deducted from, the legacies to their respective wives. The codicil required and ordered such deduction, and was made, apparently, for no other purpose than to insure the payment of the debts thus due to the testator. He expressly directs in it, that any sums of money charged in his books, or that might be due to him from Stephen W. Williams and George Clay, should be deducted from the legacies to their respective wives, his daughters. Another codicil, at a still later period, became necessary to meet an exigency created by the death of his son Mark. In this, he gave to the children of Mark the same

legacy which he had bequeathed to their father; but as his debt would be no charge upon the legacy to them without a special provision to that effect, the testator took care to make it. He directed, in terms, that all demands and sums of money due him from his son Mark should be deducted and considered as part payment of the bequests to his children.

There is really nothing to show that the testator intended that any debt due to him from a legatee should be given up or extinguished in consequence of the bequest. It is on the other hand, we think, very obvious that he regarded the debts of the several legatees, and of those who were to derive immediate benefits from legacies, as advancements which should be deducted from them. Whenever, and as often as any express provision was necessary to insure that consequence, or to cause that effect, he made it. When it was not necessary, because the general rule of law would lead to the same result, he made none.

Applying then the usual and common rule to the present case, the executors found the securities for the debts from the defendant among the papers of the testator, still uncancelled, and they had therefore a right to hold the money due to him for this legacy, and apply it in set-off against those debts. It is unnecessary to determine whether they may hold any part of it to secure payment of more than the defendant's proportion of those debts for which other legatees are jointly liable with him, because we find, upon computation, that his own proper debt to the estate of the testator amounts to a sum greater than the amount of the legacy which he is entitled to receive.

*Trustees discharged.*